[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORDANDUM OF DECISION ON MOTION TO STRIKE (#112)
I. Facts and Procedural History
On July 6, 2000, the plaintiffs, Allan Bushnell and Sherry Bushnell, filed a revised four-count complaint. The four counts, directed at the defendant, William H. Meyers Sons, Inc. (Meyers), purport to state causes of action for the following: the first count alleges a breach of contract; the second count alleges negligence; the third count alleges a breach of warranty; and the fourth count "alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §42-110a et seq.
On February 27, 2001, the defendant filed a motion to strike the fourth count of the revised complaint alleging a violation of CUTPA on the ground that it is legally insufficient. The plaintiffs filed their objection on April 02, 2001. Both parties have filed memoranda in support of their respective positions as required by our rules of practice. CT Page 5758 Practice Book § 10-42.
The CUTPA count incorporates most of the allegations of the first, second and third counts of the revised complaint. Generally, the allegations indicate that the plaintiffs entered into a written contract with the defendant for the construction of a single family home on property owned by the plaintiffs. The plaintiffs also allege that the construction-was substandard in that it resulted in soil erosion, unfinished plumbing and interior, exposure of the septic system as well as cracks in the foundation and a floor deflection. The plaintiffs have also alleged that the defendant did not compensate the Lyon Billard Co. for materials provided for the construction project resulting in a mechanic's lien being recorded on the land records against the plaintiffs' property. The plaintiffs have incurred costs and will continue to incur costs to repair the defects.
II. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588,693 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 580. The plaintiff is not required to expressly allege facts if they are necessarily implied. Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
III. Discussion
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of CT Page 5759 the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
The defendant first argues that the allegations as pleaded reflect a breach of contract and negligence. As such, the defendant argues that these counts are private wrongdoings that do not implicate the general consuming public and therefore may not form a basis for a CUTPA claim. The plaintiffs, however, argue in a single sentence "that their CUTPA claim satisfies the first part of the "cigarette rule' test in alleging violations that offend public policy in the form of a statutory concept of unfairness." (Plaintiffs' Objection to Motion to Strike, p. 3).
Although the plaintiffs do not identify which statutory concept of unfairness is violated by the defendant's conduct, the court, nevertheless, finds that the revised complaint properly pleads a violation of public policy. The plaintiffs allege a violation of public policy as set forth in General Statutes § 47-118 (a). Section 47-118
is part of the New Home Warranties Act, General Statutes § 47-116 et seq. Violations of the New Home Warranties Act are also violative of public policy and can form the basis for a CUTPA claim. See Pape v.Goldbach, Superior Court, judicial district of Waterbury, Docket No. 0150578 (January 5, 2000, Pellegrino, J.), and cases cited therein; FourBeaches Condo v. W.C. Brescia Plumb., Superior Court, judicial district of New Haven at New Haven, Docket No. 0384124 (May 23, 1997, Licari,J.), and cases cited therein.
The defendant next argues that the allegations incorporated into the fourth count constitute no more than a single instance of a breach of contract and negligence and that a review of "authoritative decisions" reveals that a single act cannot form the basis of a CUTPA claim. The plaintiffs argue that multiple deficiencies in the construction of a home for a single customer may form the basis of a CUTPA claim and citesTessman v. Tiger Lee Construction, 228 Conn. 42, 634 A.2d 870 (1993) as authority.
Generally, a simple breach of contract may not form the basis of a CUTPA claim without aggravating factors. Enviro Express v. BridgeportResco., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 374626 (February 15, 2001, Melville, J.) The same set of facts that establish a breach of contract claim, however, may sufficiently form the basis of a CUTPA violation. Lester v. Resort CamplandsInternational, Inc., 27 Conn. App. 59, 71, 605 A.2d 550 (1992). Moreover, negligence may form the basis of a CUTPA claim provided that more than the first prong of the cigarette rule is implicated. A-GFoods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69
CT Page 5760 (1990). The plaintiffs in the present case do not rely solely on the contract claim or the negligence claim to form the basis of the CUTPA violation. As noted previously, the plaintiffs also alleged violations of the New Home Warranties Act and actions that resulted in a mechanic's lien being recorded against the plaintiffs' property. Even if the plaintiffs' allegations were merely incorporations of the breach of contract and negligence counts, the allegations may still form the basis of the CUTPA count.
Furthermore, "the majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." (Internal quotation marks omitted.) Advest, Inc. v. Carvel Corp., Superior Court, judicial district of Hartford at Hartford, Docket No. 585401 (September 21, 1999,Peck, J.). When the decisions in the majority apply CUTPA "to a single transaction the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Internal quotation marks omitted.) Id.; see also L. SuzioConcrete Co., Inc. v. Citizens Bank of Connecticut, Superior Court, judicial district of New Haven at New Haven, Docket No. 398079 (August 7, 1998, Silbert, J). The court finds those cases permitting a single act to form the basis of a CUTPA violation to be more persuasive. In the present case, the defendant builder contracted with the plaintiff for the construction of a single family home and there are alleged deficiencies in that construction. These allegations pertain to the type of business in which the defendant engages and are sufficient to form the basis of a CUTPA claim.
IV. Conclusion
Having reviewed the allegations of the fourth count of the revised complaint purporting to state a violation of CUTPA in a light most favorable to the plaintiffs; Faulkner v. United Technologies Corp.,
supra, 240 Conn. 588; the court concludes that the plaintiffs have sufficiently pleaded a cause of action under CUTPA. Accordingly, the motion to strike the fourth count is denied.
It is so ordered.
By the Court,
Gilardi, J.